Arthur G-. Kudin, J.
Plaintiff, the bearer of 190 “put” option contracts, relating to 19,000 shares of E. L. Bruce Co. stock and indorsed by defendants, alleges in its complaint that the defendants, members of the New York Stock Exchange, have breached their obligation as indorsers under the contracts by refusing to accept same when they were presented and tendered to them.
*703 In their answer, defendants have interposed seven affirmative defenses: (1) that the SEC, by virtue of its order suspending trading in the stock of E. L. Bruce Co. prior to the presentation of the put contracts, made it impossible for defendants to accept the contracts; (2) that one Gilbert, an officer of Bruce, had engaged in certain illegal transactions with plaintiff with respect to shares of Bruce Co., and an acceptance of the contracts under these circumstances would have been in violation of the Securities Act of 1933 relating to unlawful distribution of unregistered securities; (3) that plaintiff, together with its subsidiary and Gilbert, purchased and jointly owned Bruce stock, and that the exercise of the put option contracts, as a matter of law, would have created an unlawful distribution of said stock; (4) that as a matter of law, the facts, substantially as set forth in the second affirmative defense, establish an unlawful manipulation with respect to Bruce Co. stock in violation of the Securities Act of 1933; (5) that, based on substantially the same facts, this would be a device and scheme to defraud the purchaser of the stock in violation of the Securities Act of 1933; (6) that pursuant to usage and custom of the New York Stock Exchange, only freely saleable securities may be tendered and that plaintiff’s tender of the stock was not in accord with such usage and custom; (7) that the subject option contracts were an integral part of an unlawful conspiracy to sell shares of stock in violation of the Securities Acts.
Plaintiff moves pursuant to rule 109 of the Rules of Civil Practice, to strike the affirmative defenses, and in support of its motion urges that the defenses interposed are inapplicable by virtue of the fact that the option contracts are unilateral, and that the indorsers thereof are required to accept the bearer’s exercise thereof. The contract in question contains the following: “ Upon presentation to the endorser of this option attached to a comparison ticket in the manner and time specified, the endorser agrees to accept notice of the bearer’s exercise by stamping the comparison, and this acknowledgment shall constitute a contract and shall be controlling with respect to delivery of the stock and settlement in accordance with New York Stock Exchange usage.”
From an examination of the foregoing it is evident that the indorser of the put option must accept notice of the bearer’s exercise of the option, upon presentation thereof, by stamping the comparison ticket. The defenses interposed are therefore clearly inapplicable to support defendants’ refusal to accept the notice. Were plaintiff’s complaint confined to the defendants’ refusal to accept plaintiff’s notice of the exercise of its *704 option, the court would be constrained to grant plaintiff’s motion to strike the defenses. However, the complaint alleges that the contracts were presented and tendered to the indorsers (defendants) and that the indorsers have refused to accept the contracts and, perform their obligations thereunder.
Upon acceptance by the indorser of a bearer’s notice of exercise of the put option, a binding contract for the purchase of the stocks enumerated therein comes into being. It follows then that there is more involved here than the mere stamping of the comparison ticket. In order to fully “perform” its obligation under the put option contract, an indorser, in addition to accepting the bearer’s exercise of the option and stamping the comparison ticket, would also have to purchase the stock involved at the price stipulated in the “ put ”. Plaintiff’s complaint is based on the defendants’ failure to so perform. The affirmative defenses, relating as they do to defendants’ refusal to so perform, have therefore been properly interposed. A striking of same under these circumstances does not appear warranted.
The fourth and fifth affirmative defenses, however, are insufficiently specific to enable plaintiff to make intelligent reply thereto. Accordingly, plaintiff’s motion is granted to the extent of striking the fourth and fifth defenses, with leave to defendants to serve their amended answers within 10 days after service of a copy of the order to be settled herein with notice of entry thereof. The motion is in all other respects denied.